## The Inhabitants of GORHAM *vs.* The Inhabitants of CALAIS.

The notice required by *Stat.* 1821, *ch.* 122, *sec.* 17, may properly be sent or delivered to such persons, or any one of them, as appear, by the records of the town notified, to be overseers of their poor for the current year; though subsequently they may have declined to accept the office.

IN an action of *assumpsit*, for supplies furnished to a pauper, it appeared that the notice was delivered to *Joseph Whitney*, Esq. of *Calais*, and had never been answered. The plaintiffs proved by the town records of *Calais*, that *Abner Sawyer*, *Ebenezer Reding* and *Joseph Whitney* were chosen overseers of the poor of that

town for the same year ; and relied on their neglect to answer the notice, as estopping *Calais* to contest the question of settlement.

The defendants read the depositions of the men thus chosen, who all testified that at the time of their election they declined the office, in open town meeting ; and had never served in the office since, nor been sworn. *Whitney* added that he had once subsequently concluded to serve, if the others would ; but that they could not be induced to consent. He also testified that he had in divers instances refused to act in the office when applied to ; that it was a matter of notoriety in *Calais* that year, that the persons chosen overseers refused to serve as such; but that when the notice from *Gorham* was delivered to him, he did not inform the person who brought it that he was not an overseer ; nor did he communicate the notice to the selectmen of *Calais* for that year ; who, it appeared, were duly chosen and qualified.

The defendants relied on this evidence, to the admission of which the plaintiffs objected, as shewing that the office of overseers of the poor in *Calais* was vacant, and that the duties of that office were devolved by law upon the selectmen ; and therefore that the notice was not delivered to the proper officers. But the Chief Justice, before whom the cause was tried, overruled this point, and directed a verdict for the plaintiffs, reserving the question for the consideration of the court.

*Greenleaf*, for the defendants, contended that the office was vacant, the persons elected having refused it, upon the spot; and never having afterwards acted, or been sworn ; as was the custom of that place, though not required by law. *Mussey v. White* 3 *Greenl.* 290. *Morrell v. Sylvester* 1 *Greenl.* 248. And the evidence was admissible, being of matter *en pais*, not contradictory to the record. The fact was notorious in *Calais* ; and the plaintiffs might have known it, by common diligence of inquiry.

*Adams*, for the plaintiffs, resisted the admission of the evidence, as being against the record. But he contended further that it was sufficient for *Gorham* to deliver the notice to such persons

as *Calais* held out, upon their records, as overseers of the poor. If they would not have such papers delivered to these men, they should have entered on record their refusal to accept the office.

WESTON J. delivered the opinion of the court.

By *Stat.* 1821, *ch.* 114, *sec.* 1, the selectmen are to be overseers of the poor, where other persons shall not be particularly chosen to that office; which any town may do, if they shall think it necessary and convenient. And by *Stat.* 1821, *ch.* 122, *sec.* 3, it is provided, that every town may, at their annual meetings, choose any number, not exceeding twelve suitable persons, dwelling therein, to be overseers of their poor ; and where such are not specially chosen, the selectmen shall be overseers of the poor. In the case before us, the inhabitants of the town of *Calais* did think it necessary and convenient, and actually did choose three persons particularly for this office, for the year when the notice in question was given. From the depositions of the persons thus elected, it appears that they declined serving at the meeting at which they were chosen ; but of which however no notice is taken in the records. One of them afterwards proposed to act in the office, and endeavored to persuade the others to do so ; and on a certain occasion invited a meeting for this purpose ; his colleagues however did not attend ; nor did they ever meet together to transact the business of their appointment. In what condition the office was left, under this state of things, and upon whom it devolved to discharge it, need not now be decided. The town might have excused the persons elected, and have proceeded to choose others in their stead ; and this would without doubt have been the more eligible course. Indeed the second section of chapter 114, provides, that where by reason of the non acceptance, death, or removal of any person chosen to office in any town, or by reason of a person's becoming *non compos*, there is a vacancy, or want of such officers ; the town, at a regular meeting, may choose others to supply their place. But whether the legal administration of the duties of the office resulted to the selectmen, or a vacancy existed, which the town neglected to supply, we are of opinion that notices from other towns

might properly be sent or delivered to such persons, or any of them, as appeared by the records of *Calais* to be overseers of the poor, for the current year. It is not for them to say that notice given to those persons, to whom by their records this department was confided, was insufficient. They held out this evidence to the public, and as it respects other towns, they ought to be concluded by it. Were it otherwise, the overseers of other towns, employing the most vigilant agent to make inquiries, might be at a loss as to whom they ought to notify. The citizens of the town to be notified might not be disposed to give them the necessary information, or might deal disingenuously by them. In this case, the person appearing by the record to be an overseer of *Calais*, to whom the agent of the overseers of *Gorham* delivered the notice in question, deposes that he did not inform the agent that he had not accepted the office, as, if he had acted fairly and frankly, he should have done ; nor did he give notice thereof to the selectmen, but did to the other persons who had been chosen with him.

If towns are held chargeable with notices delivered to such persons as appear by their records to be overseers of the poor, there is accessible to other towns, or their agents, evidence of the highest nature upon this point ; and by this evidence, they may be safely guided. Upon this view of the case, it is unnecessary to determine, whether the depositions objected to were properly received or not ; as notwithstanding the facts therein detailed, the opinion of the court is, that the defendants are concluded by the notice proved ; there must therefore be

*Judgment on the verdict.*